IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE RUVALCABA, *et al.*,

    Plaintiffs,                          CIV-S-12-0658 KJM KJN

    vs.

CONSOLIDATED CONCEPTS, INC., *et al.*,

    Defendants.                      <u>ORDER</u>

_____/

           On January 26, 2012, this action was commenced in Solano County Superior Court. (ECF 1-1 at 2.) On March 15, 2012, the action was removed to this court based on this court's federal question jurisdiction over plaintiffs' claim under the Davis-Bacon Act, 40 U.S.C. §§ 3141, et seq. (ECF 1.) On April 30, 2012, plaintiffs filed a first amended complaint that did not include any federal claims. (*See* ECF 27.) Plaintiffs subsequently moved for remand. Defendants Consolidated Concepts, Inc., Consolidated Concepts and Dustin Hill Kent and Ronald Schott Nichols do not oppose remand. (ECF 38.) Clark Realty Builders, LP, Balfour Beaty Construction and Travelers Casualty and Surety oppose remand. (ECF Nos. 42, 43.)

           "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if -- (1) the claim raises a novel or complex issue of State law,  (2) the claim

1

substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §1367(c).  Once all federal claims have been dismissed, the decision whether to remand the remaining claims to state court is "purely discretionary." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The parties all agree that it is within the court's discretion whether to remand under 28 U.S.C. § 1367(c).  (*See* ECF Nos. 42, 43 and 46.) In making its assessment, the court considers whether "a remand may best promote the values of economy, convenience, fairness, and comity." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 353 (1988).  Where federal claims are dismissed early in the litigation, remand or dismissal with prejudice is appropriate. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir.1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." (quoting *Les Shockley Racing v. National Hod Rod Ass'n*, 884 F.2d 504, 509 (9th Cir.1989)); *Wren v. Sletten Constr. Co.*, 654 F.2d 529, 536 (9th Cir.1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim[s]." (per curiam)).

        Here, plaintiffs' amended complaint omits any federal claims. (*See* ECF 27.) The court finds remand is appropriate to further the interests of comity, efficiency and judicial economy. Given the infancy of this matter, the California state courts have a greater interest in the resolution of solely California state law claims.  This case is remanded to Solano County Superior Court and the case is closed.

        IT IS SO ORDERED.

DATED: July 17, 2012.

_____
UNITED STATES DISTRICT JUDGE